# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MARSHA J. THOMPSON,             :
                                :
    Plaintiff,                 :
                                :
  v.                            :   CIVIL ACTION NO.
                                :   1:08-CV-3275-JOF
INDYMAC BANK, also known as     :
Indymac Financial Services, Inc., :
                                :
    Defendant.                 :

## **ORDER**

This matter is before the court on Defendant's motion to stay improper discovery served with complaint [5]; Defendant's motion for injunctive relief [8]; Plaintiff's motion to dismiss case for lack of jurisdiction [9]; and Defendant's motion to dismiss [16].

On October 15, 2008, Plaintiff, Marsha Thompson, filed suit against Defendant, IndyMac Federal Bank, F.S.B., in the Superior Court of Newton County, raising claims of loss of property, fraud, negligence, wrongful foreclosure, punitive damages and attorney's fees relating to a property in Covington, Georgia. Defendant removed the suit to this court on October 20, 2008. In federal court, Defendant filed a counterclaim against Plaintiff raising claims of trespass and unlawful interference, alleging that Plaintiff has illegally remained on the property. In its counterclaim, Defendant seeks an injunction removing her

from the property and permanently barring her reentry. Defendant also asks that Plaintiff's complaint be dismissed and that Defendant be awarded $300,000 and attorney's fees for Plaintiff's wrongful trespass of the property.

For the purposes of background context only, Plaintiff executed a note in the amount of $339,000 with Mortgage Electronic Systems on August 25, 2006, with the Covington, Georgia property acting as collateral. The note was assigned to Defendant. The same day, Plaintiff executed a second note on the property in the amount of $85,000. Plaintiff states that through 2006 and 2007, she was working with Defendant and the tax assessor's office to address a back tax issue on the property. In March and April 2008, Plaintiff contends that she set up a repayment plan with Defendant. Despite these arrangements, Plaintiff avers that she received foreclosure letters in July 2008 with an acceleration notice and demand for payment. The letter set September 2, 2008, as the foreclosure date. Plaintiff contends that she received assurances from IndyMac personnel that she would be able to set up another repayment plan. On August 28, 2008, Plaintiff states that she developed a new reinstatement program with an IndyMac representative which required a payment by September 7, 2008. The representative assured her the plan would avoid foreclosure. Plaintiff contends she made payments under the new plan on August 31, 2008, and September 5, 2008. However, the property was foreclosed on September 2, 2008. Plaintiff avers that the foreclosure

2

advertisement published in the Covington News was deficient because it failed to name Plaintiff as an owner of the property and instead only listed Plaintiff's husband.

Defendant responds that Plaintiff defaulted on the first note and that after proper notice was given, Defendant held a foreclosure sale on September 2, 2008, at which Defendant IndyMac purchased the property. Defendant contends that it is now the sole owner of the property and Plaintiff cannot challenge its ownership because she has not tendered the amount of indebtedness and is still in default on the loan. For the same reason, Defendant contends that Plaintiff is not entitled to any injunctive relief to stay her removal from the property.

While the suit was pending in state court, the state court entered an order granting Plaintiff's motion for temporary restraining order and directing Defendant to cease and desist from any further dispossessory action on the property. The undersigned has not altered the temporary restraining order and will not do so in light of the court's jurisdictional determinations below. Therefore, the court DENIES Defendant's motion for injunctive relief [8].

The parties have filed numerous motions in the case but also informed the court they were working toward settlement. In their latest communications to the court, however, it is clear that the parties have not been able to reach settlement. Therefore, the court will now address the parties' motions, beginning with the issue of jurisdiction.

3

The parties do agree that IndyMac was placed in receivership by the Federal Deposit Insurance Corporation on July 11, 2008. As a result, pursuant to the Financial Institutional Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), codified at 12 U.S.C. § 1821(d)(6)(A)(ii), all claims against IndyMac must be filed in the United States District Court for the District of Columbia or the United States District Court for the Central District of California, where IndyMac has its principal place of business in Pasadena, California. The court agrees that pursuant to this statute, the court does not have jurisdiction over Plaintiff's complaint.

Defendant further asserts, however, that its counterclaims do not fall within § 1821 and do not need to be dismissed. IndyMac Federal Bank, F.S.B., as a bridge bank created by the FDIC under 12 U.S.C. § 1821(n), is authorized to bring the foreclosure in counterclaim in Georgia where the property is located, and the claim is not subject to the jurisdictional limitations of FIRREA. In the alternative, Defendant asks the court to transfer the entire case to the United States District Court for the District of Columbia.

As the recitation of facts above demonstrates, the claims of Plaintiff and Defendant are intertwined and will likely involve discovery of similar facts. Because Plaintiff's claims are jurisdictionally barred in this court by FIRREA, the court finds that it would not be the best exercise of judicial economy to split the case into two separate litigations. Therefore, the court will transfer the entire matter to the United States District Court for the District of

4

Columbia. While the case is in transition to the District of Columbia, the court GRANTS Defendant's motion to stay improper discovery [5] until the District of Columbia enters a discovery order. The court further notes that on November 26, 2008, Plaintiff filed objections to her counsel's application to withdraw. Her counsel has not filed a motion to withdraw with the court. In any event, the court notes Plaintiff's objections center around complaints Plaintiff has with the amount of money she has been charged by her attorney. This is not a matter the court will delve into.

In sum, the court GRANTS Defendant's motion to stay improper discovery served with complaint [5]; DENIES Defendant's motion for injunctive relief [8]; GRANTS Plaintiff's motion to dismiss case for lack of jurisdiction [9]; and GRANTS Defendant's motion to dismiss [16].

The Clerk of the Court is DIRECTED to TRANSFER this case to the United States District Court for the District of Columbia.

**IT IS SO ORDERED** this 24th day of August 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)